UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-69 (PAM/JFD) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| Deonta Lanllie Denton, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty dated September 23, 2024. (Docket No. 30.) The R&R recommends denying Defendant Deonta Lanllie Denton's Motions to Suppress Evidence Obtained as a Result of Search and Seizure and to Suppress Statements. (Docket Nos. 17, 18.) Denton filed timely objections to the R&R (Docket No. 31) and the Government responded to those objections. (Docket No. 33.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

BACKGROUND

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Denton is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Facts necessary to an understanding of the legal discussion will be incorporated into the discussion below.

The R&R found that officers had reasonable, articulable suspicion to investigate Denton, that his flight from police created an independent basis for arrest, and that his confession to possessing a gun and selling drugs was not made in response to any police interrogation. Thus, the R&R recommended denying Denton's Motions, and Denton objects to that recommendation. For the following reasons, the Court adopts the R&R.

**DISCUSSION**

**A.    Motion to Suppress Evidence Obtained as a Result of Search and Seizure**

Denton first objects to the R&R's conclusion that officers reasonably believed he was under the influence of marijuana. (Objs. (Docket No. 31) at 2–4.) As the Magistrate Judge rightly found, the officers had reasonable, articulable suspicion that Denton was impaired because he seemed asleep behind the wheel of his idling car and officers observed what appeared to be marijuana in plain view on the passenger seat. (R&R (Docket No. 30) at 3.) Moreover, when officers encountered him, Denton "appeared to be confused and had pin-point pupils," a "lethargic demeanor," and responded slowly to their questions. (Id.) This challenge is without merit.

Denton next objects to the determination that the officers had reasonable, articulable suspicion to pursue further investigation. (Objs. at 4–7.) Given Denton's behavior and the suspected marijuana next to him, it was reasonable for the officers to investigate him and perform a field sobriety test, despite that they determined that there were no warrants out for his arrest. (R&R at 7 (citing United States v. Sanchez, 417 F.3d 971, 975 (8th Cir. 2005)).) Denton asserts that no statements captured on the officers' body-worn cameras indicated that they believed that he was under the influence or that

they intended to perform a field sobriety test; but whether the officers made such statements is not determinative of whether they had the requisite articulable suspicion to proceed with a field sobriety test. Indeed, Judge Docherty thoroughly explained that the officers had reasonable, articulable suspicion, based on the totality of the circumstances, to extend the Terry stop and perform a pat-down search before conducting a field sobriety test. (Id. at 7–8.) This objection fails.

The R&R also determined that Denton's flight from law enforcement provided independent probable cause for arrest under Minn. Stat. §§ 609.487 subd. 6 and 629.34.1(c)(1), and thus constituted a separate basis for seizure of the gun and drugs. (Id. at 10.) Denton objects to this finding, arguing that the evidence was not discovered pursuant to a valid search incident to arrest, and therefore should be suppressed as fruit of the poisonous tree. (Objs. at 7-12.) However, the officers did not improperly exploit any seizure, as Denton suggests. Rather, the R&R correctly found that Denton clearly committed a new crime in the officers' presence by resisting them and running away, creating an independent basis for his arrest. (R&R at 10.) Officers seized the gun pursuant to a lawful arrest, and it will not be suppressed.

**B.    Motion to Suppress Statements**

Additionally, the R&R recommends that the Court not suppress Denton's custodial confession indicating that he possessed a gun and was selling drugs. (Id. at 11–13.) Denton objects to this conclusion, asserting that the statement should be suppressed because he reasonably believed that Sergeant Welters' questioning of him while in the

backseat of the squad car was intended to elicit an incriminating response and he was not given a Miranda warning. (Objs. at 12.)

"Miranda . . . requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued prior to questioning whenever a suspect is (1) interrogated (2) while in custody." United States v. Griffin, 922 F.2d 1343, 1347 (8th Cir. 1990) (emphasis omitted). "[A] voluntary statement made by a suspect, not in response to interrogation, is not barred by the Fifth Amendment and is admissible with or without the giving of Miranda warnings." United States v. Hatten, 68 F.3d 257, 262 (8th Cir. 1995) (citing Rhode Island v. Innis, 446 U.S. 291, 299 (1980)). Interrogation is either "express questioning" or "words or actions . . . that the police should know are reasonably likely to elicit an incriminating response." Innis, 446 U.S. at 301.

Denton provides no authority to support his assertion that he reasonably believed that the sergeant's welfare-check inquiry, asking questions such as "Are you doing okay?", was intended to elicit an incriminating response. Indeed, as the R&R found, the evidence clearly demonstrates that Denton, unprompted by any interrogation, voluntarily confessed to selling drugs and possessing a gun. (R&R at 11–13.) Thus, his statement is not subject to Miranda's requirements and is admissible.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 30); and

2. Denton's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Docket No. 17) and Motion to Suppress Statements (Docket No. 18) are **DENIED**.

Dated:   November 12, 2024                   *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge